UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT CARLEY (#126267)

VERSUS                                          CIVIL ACTION

CASSANDRA TEMPLE, ET AL                         NUMBER 11-682-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, July 2, 2012.

                                 STEPHEN C. RIEDLINGER
                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT CARLEY (#126267)

VERSUS                                              CIVIL ACTION

CASSANDRA TEMPLE, ET AL                             NUMBER 11-682-JJB-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss filed by defendants Lt. Col. Cassandra Temple, Asst. Warden Darrell Vannoy, Warden Burl Cain and Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc. Record document number 13. Plaintiff filed an opposition.[1]

For the reasons which follow, the plaintiff's claims should be dismissed as frivolous pursuant to 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915(e)(2)(B)(i), and the defendants' motion should be denied as moot.

**I. Factual Allegations**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Col. Cassandra Temple, Asst. Warden Darrell Vannoy, Warden Burl Cain and Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc. Plaintiff

---

[1] Record document number 18.

amended his complaint to add legal programs director Triche Foster as a defendant.[2]

Plaintiff alleged that in 2004, while already incarcerated on other charges, he was indicted for first degree murder. Plaintiff alleged that on March 1, 2011, he was advised by Tommy Thompson, his criminal defense attorney, that the state's prosecuting attorney heard a conversation between the plaintiff and Thompson while listening to the plaintiff's recorded telephone conversations.

Plaintiff alleged that Lt. Col. Temple recorded or authorized others to listen to and record privileged attorney-client telephone communications and sent the communications to the prosecuting attorneys in violation of the First, Fourth, Fifth and Sixth Amendments.

Plaintiff alleged that Asst. Warden Vannoy signed and approved the First Step Response to the plaintiff's request for administrative relief ("Administrative Remedy Procedure" or "ARP") condoning the constitutional violations.

Plaintiff alleged that Warden Cain knowing allowed or instructed his employees to knowingly violate the plaintiff's constitutional rights.

Plaintiff alleged that Secretary LeBlanc knowingly violated the plaintiff's rights by denying relief through the ARP.

---

[2] Record document number 20.

Plaintiff amended his complaint to name Triche Foster as a defendant. Plaintiff alleged that Foster asked Investigative Services to provide all of his telephone conversations - presumably to the prosecuting attorney.

Plaintiff sought compensatory and punitive damages.

## II. Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:
> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes. *Id.;*

3

*Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. No Physical Injury**

Plaintiff sought recovery of compensatory damages. Defendants moved to dismiss the plaintiff's compensatory damages claim insofar as they were sued in their individual capacity.

Subsection (e) of 42 U.S.C. § 1997e provides:

> (e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the defendants' alleged actions. The failure to allege physical injury precludes recovery of compensatory damages for mental or emotional injuries.

Although § 1997e(e) prohibits the plaintiff from recovering compensatory damages, it does not bar his recovery of nominal and punitive damages for constitutional violations despite the lack of any physical injury. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007). Of course, to recover nominal or punitive damages, the plaintiff must prove a constitutional violation by one of the defendants.

**C. Plaintiff-Thompson Telephone Conversations**

Plaintiff alleged that prison officials recorded or authorized others to monitor and record privileged attorney-client telephone communications and sent the communications to the prosecuting attorneys, in violation of his constitutional rights.

The Louisiana Department of Public Safety and Corrections policy on use of telephones by offenders is promulgated as Telephone Use and Policy on Monitoring of Calls. LAC 22:I.315.[3] Pursuant to the policy, all offender telephone calls made through the use of the offender telephone system shall be recorded and are subject to monitoring, including calls made to attorneys using the offender telephone system. *Id.* at § 315(D)(1)(d). The policy provides that a visible sign posted by each offender telephone shall place offenders on notice that all calls shall be recorded and are subject to monitoring. *Id*. at § 315(D)(1)(e). In addition, the policy provides that a recorded message shall notify all parties that all calls shall be recorded and are subject to monitoring and that the call originated from a correctional facility. *Id*. at § 315(D)(1)(f). The policy provides that use of the offender telephone system shall constitute consent by all parties to the recording and/or monitoring of the call. *Id.* at § 315(D)(1)(g).

---

[3] Louisiana Administrative Code.

Where an inmate is aware that his or her calls with another party are being recorded, those calls are not protected by a privilege. *See, e.g., United States v. Hatcher*, 323 F.3d 666, 674 (8th Cir. 2003) (attorney-client privilege); *United States v. Madoch*, 149 F.3d 596, 602 (7th Cir. 1998) (marital privilege); *United States v. Harrelson*, 754 F.2d 1153, 1169-70 (5th Cir. 1985) (same). As the Eighth Circuit reasoned in *Hatcher*, "[t]he presence of the prison recording device destroy[s] the attorney-client privilege" because "the inmates and their lawyers ... [can]not reasonably expect that their conversations [will] remain private." 323 F.3d at 674. Under such circumstances, "[t]he presence of the recording device [is] the functional equivalent of the presence of a third party." *Id.*; *cf. United States v. Friedman*, 300 F.3d 111, 123 (2d Cir. 2002) (holding that an inmate who is on notice that his calls are being recorded has no reasonable expectation of privacy for Fourth Amendment purposes); *United States v. Workman*, 80 F.3d 688, 693 (2d Cir. 1996) (same); *United States v. Willoughby*, 860 F.2d 15, 19-22 (2d Cir. 1988) (same). *See also, United States v. Lentz*, 419 F.Supp.2d 820, 828-29 (E.D. Va. 2005) (holding inmates waive any privilege protection for telephone conversations when they proceed with conversations in the face of notice the calls are being recorded and subject to monitoring); *United States v. Eye*, No. 05-00344-01-CRW, 2008 WL 1701089 (W.D. Mo. 2008) (defendant waived attorney-client privilege by

communicating with his attorney on the prison phones because facility provided notice by informing defendant upon his arrival, through signs on the telephones, and via a recorded message prior to calls that calls were subject to monitoring and recording).

Plaintiff's allegations that prison officials monitored and recorded his telephone conversations and sent the recordings to the prosecuting attorney do not present an arguable factual or legal basis for relief.

### D. Denial of Administrative Relief

Plaintiff alleged that he filed an ARP complaining that his telephone communications with his attorney were improperly monitored and recorded. Plaintiff alleged that Secretary LeBlanc and Asst. Warden Vannoy denied his request for relief.

Plaintiff does not have a constitutional right to a favorable response to his ARP. *Sullivan v. DeRamcy*, 460 Fed.Appx. 374, 376 (5th Cir. 2012); *Geiger v. Jowers*, 404 F.3d 371, 373-73 (5th Cir. 2005). Plaintiff's allegations against defendants Asst. Warden Vannoy and Secretary LeBlanc based on their denial of administrative relief do not present an arguable factual or legal basis for relief.

### Conclusion

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state

7

a claim, the complaint should be dismissed pursuant to 42 U.S.C. § 1997e(e) and  28 U.S.C. § 1915(e)(2)(B)(i).

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, non-frivolous federal claim he could assert consistent with the facts alleged in his complaint.

It is further recommended that the defendants' motion to dismiss, record document number 13, be denied as moot.

Baton Rouge, Louisiana, July 2, 2012.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE